# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MONY Life Insurance Company, f/k/a
The Mutual Life Insurance Company of
New York,

                        Plaintiff,

                                               Civ. No. 07-1547 (RHK/JSM)
                                               **ORDER AND CERTIFICATION**
                                               **PURSUANT TO 28 U.S.C. § 2403**

v.

Robert G. Ericson, Aimee L. O'Connor (a/k/a
Aimee O'Conchuir), Kathleen L. Ericson, and
Susan E. Mutschler,

                        Defendants.

---

      This matter is before the Court *sua sponte*.

      This is an interpleader action commenced by Plaintiff MONY Life Insurance Company ("MONY"). MONY issued a $50,000 life-insurance policy (the "Policy") to Patricia Copeland in 1980. At that time, Copeland was married to Defendant Robert G. Ericson. Together, the couple had three daughters, namely, Defendants Aimee L. O'Connor, Kathleen L. Ericson, and Susan E. Mutschler (the "Daughters"). Ericson was named the primary beneficiary of the Policy and the Daughters were named contingent beneficiaries.

      Copeland and Ericson divorced in 1986. However, Copeland did not remove Ericson as the primary beneficiary of the Policy, and Ericson continued making the premium payments until Copeland died in 2006. Ericson then wrote to MONY and

demanded the $50,000 Policy proceeds.  MONY, however, informed Ericson that by operation of Minnesota Statutes section 524.2-804, he had been disqualified as a beneficiary under the Policy.[1]  The Daughters subsequently learned of Ericson's claim and asserted that they, and not Ericson, were entitled to the Policy proceeds.

As a result of these competing claims, MONY commenced this interpleader action.  In his Answer and Counterclaim (Doc. No. 4), Ericson asserts that section 524.2-804 is unconstitutional as applied to him under the Contracts Clause, Article I, Section 10, Clause 1 of the United States Constitution.  All of the parties have now moved for summary judgment.

In light of the foregoing, **IT IS ORDERED** as follows:

1.    Pursuant to Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(b), the Court **CERTIFIES** to the Honorable Lori Swanson, Attorney General of the State of Minnesota, that the constitutionality of Minnesota Statutes section 524.2-804 has been called into question in this matter by Defendant Robert G. Ericson.  The Clerk of the Court is directed to send a copy of this Order, by certified mail, to the Attorney General at 1400 Bremer Tower, 445 Minnesota Street, St. Paul, MN 55101;

2.    Pursuant to Federal Rule of Civil Procedure 5.1(a)(2), Ericson shall serve a notice on the Attorney General of his constitutional challenge to Minnesota Statutes section 524.2-804, and shall promptly serve a copy of the notice on all parties and file the

---

[1] Section 524.2-804 was signed into law by Governor Tim Pawlenty on April 19, 2002.  In pertinent part, section 524.2-804 provides that "the dissolution or annulment of a marriage revokes any revocable . . . beneficiary designation . . . made by an individual to the individual's former spouse in a governing instrument."  Minn. Stat. § 524.2-804, subd. 1(1).

same with the Court;

    3.    Pursuant to Federal Rule of Civil Procedure 5.1(c), the State of Minnesota may intervene in this action for the purpose of defending the constitutionality of section 524.2-804 by filing a notice of appearance within 60 days of the date of this Order; and

    4.    The hearing on the parties' Motions for Summary Judgment, currently scheduled for December 4, 2007, at 8:00 a.m, is **CANCELED** and will be rescheduled by further Order of the Court.

Dated: November 28, 2007　　　　　　　　　　　　s/ Richard H. Kyle
　　　　　　　　　　　　　　　　　　　　　　　　RICHARD H. KYLE
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge