**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MONY Life Insurance Company, f/k/a
The Mutual Life Insurance Company of
New York,

       Plaintiff,

                Civ. No. 07-1547 (RHK/JSM)
                **MEMORANDUM OPINION**
                **AND ORDER**

v.

Robert G. Ericson, Aimee L. O'Connor
(a/k/a Aimee O'Conchuir), Kathleen L.
Ericson, and Susan E. Mutschler,

       Defendants.

---

John Harper III, Terrance J. Wagener, Krass Monroe, P.A., Minneapolis, Minnesota, for Plaintiff.

Robert J. Lange, Lange Law Firm, P.A., Bloomington, Minnesota, for Defendant Robert G. Ericson.

Amy M. Coniaris, David M. Dahlmeier, Foley & Mansfield, P.L.L.P., Minneapolis, Minnesota, for Defendants Aimee L. O'Connor (a/k/a Aimee O'Conchuir), Kathleen L. Ericson, and Susan E. Mutschler.

---

  In this interpleader action, Defendant Robert Ericson and his daughters, Defendants Aimee L. O'Connor, Kathleen L. Ericson, and Susan E. Mutschler (the "Daughters"), have asserted competing claims to the proceeds of a life-insurance policy issued by Plaintiff MONY Life Insurance Company ("MONY") to Patricia Copeland, Ericson's ex-wife and the Daughters' mother. Currently pending before the Court are

Whirlpool is factually indistinguishable from this case, the Court is obligated to follow it; doing so renders Section 524.2-804, as applied to Ericson, unconstitutional under the Contracts Clause to the United States and Minnesota Constitutions.[9]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1.  The Daughters' Amended Motion for Summary Judgment (Doc. No. 28) is **DENIED**, and the Daughters' Cross-Claim against Ericson (Doc. No. 13) is **DISMISSED WITH PREJUDICE**;

2.  Ericson's Amended Motion for Summary Judgment (Doc. No. 32) is **GRANTED**;

3.  It is **DECLARED** that Defendant Robert G. Ericson is entitled to the proceeds of Patricia Copeland's $50,000 life-insurance policy, plus interest, which MONY Life Insurance Company deposited with the Clerk of the Court pursuant to the

---

[9] In reaching this conclusion, the Court does not hold that the entire statute is unconstitutional; rather, only that portion of the statute that *retroactively* revokes beneficiary designations in "governing instruments" fails to pass constitutional muster. Nor does the Court hold that said portion of Section 524.2-804 is unconstitutional in all circumstances. There are two types of constitutional challenges to a statute: facial challenges, in which a statute is alleged to be unconstitutional on its face, *i.e.*, in all circumstances, and "as applied" challenges, in which a statute is alleged to be unconstitutional under the particular facts of the plaintiff's case. See Ada v. Guam Soc'y of Obstetricians & Gynecologists, 506 U.S. 1011 (Mem.) (Scalia, J., dissenting from denial of petition for writ of certiorari). Here, Ericson has mounted only an "as applied" challenge to Section 524.2-804. The Court expresses no opinion whether the statute is unconstitutional on its face, that is, whether there exists "no set of circumstances in which the statute can be constitutionally applied." Id.; see also Whirlpool, 929 F.2d at 1323 n.6 (distinguishing between prospective and retroactive application of revocation-upon-divorce statute for purposes of Contracts-Clause analysis). Rather, the Court holds only that Section 524.2-804 cannot be constitutionally applied to Ericson under the facts of this case, *i.e.*, cannot retroactively remove him as the beneficiary of Copeland's life-insurance policy.

Court's March 20, 2007 Order (Doc. No. 3).  If neither an appeal nor a motion for post-judgment relief is filed within 30 days of the entry of Judgment in this matter, the Clerk of the Court is directed to release said funds to Robert G. Ericson; and

    4.    Plaintiff MONY Life Insurance Company's Motion for Summary Judgment (Doc. No. 24) is **DENIED** as moot.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January  22 , 2008

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge